**Julian RODRIGUEZ–PUENTE,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 02–71457.**

**Agency No. A36–660–080.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2003.*

Decided Nov. 17, 2003.

Walter S. Nomura, Esq., Stockton, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Linda S. Wendtland, Esq., Michael J. Dougherty, Office of Immigration Litigation, Cindy S. Ferrier, U.S. Department of Justice, OIL, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before FARRIS, TROTT, Circuit

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Judges, and WEINER,** Senior District Judge.

## MEMORANDUM ***

Julian Rodriguez–Puente, a native and citizen of Mexico, petitions for review of the BIA's decision summarily affirming the IJ's denial of his motion to reopen his deportation proceedings. We affirm.

The facts are known to the parties and will only be recited here insofar as necessary to explain our decision. Rodriguez–Puente, who was released from immigration custody on bond, was ordered deported in absentia when he failed to appear at a rescheduled July 22, 1998, hearing, for which he had been mailed a notice to appear. The notice was sent by regular mail to the address Rodriguez–Puente had last provided. Two days after the rescheduled hearing, the INS received a change of address from Rodriguez–Puente, indicating he had relocated as of May 28, 1998.

8 U.S.C. § 1229(a)(1) requires the INS to give written notice in removal proceedings "in person to the alien (or, if personal service is not practicable, through service by mail ...)." Notice of a change or postponement to a hearing date, the situation we encounter here, may be made in the same manner. 8 U.S.C. § 1229(a)(2)(A). The notice sent to Rodriguez–Puente's last recorded address was sufficient to satisfy the requirements of § 1229. The requirement in subsections (a)(1) and (a)(2), that notice shall be given "in person," is immediately qualified by the language that, if not practicable, substituted service may be made by mail. Further, subsection (c) makes clear that "[s]ervice by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with subsection (a)(1)(F) of this section." 8 U.S.C. § 1229(c). As the record contains such proof, the INS satisfied the statutory requirements.

Rodriguez–Puente argues that substitute service is only permissible after the INS first makes some determination that personal service is impracticable. This is a misreading of the statute. In providing for the alternative means of service, Congress did not specify that personal service must be attempted; only that personal service be impracticable. Were Rodriguez–Puente in custody, or physically present before an IJ, and the INS failed to personally serve him, his argument might be stronger. However, in permitting service by mail, Congress has recognized that aliens who are not in custody might be difficult to find and personally serve with a notice. Indeed, it provided an exception to the entire written notice requirement regarding a notice of a change or postponement to a hearing date in these very circumstances. *See* 8 U.S.C. § 1229(a)(2)(B) ("In the case of an alien not in detention, a written notice shall not be required under this paragraph if the alien has failed to provide the address required under paragraph (1)(F)."). In his *pro se* motion to reopen, Rodriguez–Puente offered no explanation as to why he did not file his change of address immediately after he relocated. Thus, his failure to receive the mailed notice cannot be placed on the INS.

AFFIRMED.

---

** Hon. Charles R. Weiner, Senior District Judge for Eastern Pennsylvania sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.